UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRET A. RICHARDS,           )
                            )
        Plaintiff,          )
                            )
        v.                  )        Case No. 1:19-cv-153-PPS
                            )
ANDREW M. SAUL,             )
Commissioner of             )
Social Security,            )
                            )
        Defendant.          )

**OPINION AND ORDER**

Bret Richards has appealed from an administrative law judge's denial of his application for Social Security disability insurance benefits. In doing so, he claims that the ALJ committed two errors which require a reversal of his decision, but I will limit my discussion to one: whether the ALJ erred in the step three Listings analysis. Because the ALJ erred at step three, I will REVERSE the ALJ's decision and REMAND on this issue.

**Background**

Bret Richards applied for disability insurance benefits on April 25, 2016, claiming that as of October 23, 2015, he was disabled. [A.R.[1]  28.] His claim was denied initially and denied again upon reconsideration. After that, he requested and had a hearing

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 11. Citations are to the page number in the lower right-hand corner of the A.R.

before an Administrative Law Judge on November 6, 2017. On April 11, 2018, the ALJ issued her written decision which once again denied Richards benefits. After exhausting his appeals, he now seeks review the ALJ's decision.

The ALJ determined that Richards had the severe impairments of degenerative disc disease, loss of central visual acuity, and right foot drop. [A.R. 30.] The ALJ also found that Richards had the nonsevere impairment of hypertension. The ALJ then determined that Richards did not meet any of the applicable social security listings for disability. Specifically, the ALJ examined listings 1.04 (disorders of the spine), 1.02 (motor dysfunction of a joint), 4.12 (peripheral arterial disease), and 2.02 (loss of central visual acuity) and found that he did not meet or equal the requirements for those listings.

At the next step, the ALJ determined Richards' residual functional capacity (RFC). She determined that Richards was capable of performing sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations: he can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Richards must avoid hazards such as wet and uneven surfaces and unprotected heights. He can engage in work with no foot controls with the right lower extremity. Furthermore, he can engage in no commercial driving, but can engage in frequent handling and fingering with the non-dominant upper extremity and frequent far acuity. [A.R. 31-32.] The ALJ based this RFC upon her review

2

of the submitted evidence, which she labeled as consideration of the symptoms,

objective medical evidence, and opinion evidence. [*Id.*] I won't repeat the ALJ's

description of the medical evidence included in the written decision. [*See* A.R. 32-34.]

The ALJ then posed the RFC and some additional hypothetical questions to a

vocational expert (VE) who testified whether or not such a hypothetical person with

Richards' RFC could likely find gainful employment. The ALJ determined that Richards

was capable of performing his past relevant work as a quality control and cost clerk.

[A.R. 35.] The ALJ also found that Richards could perform the following jobs: address

clerk; document preparer; and table worker, inspector, all of which exist in sufficient

numbers in the national economy. As a result, the ALJ found that Richards was not

disabled within the meaning of the Social Security Act and its regulations.

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. I

do not review evidence and determine whether a claimant is disabled and entitled to

benefits. Instead, I review the ALJ's written decision to determine whether the ALJ

applied the correct legal standards and whether the decision's factual determinations

are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir.

2012). If substantial evidence supports the ALJ's factual findings, they are conclusive.

*Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means

more than a "scintilla" of evidence, but less than a preponderance of the evidence.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). My review is guided by the principle that while "[t]he ALJ is not required to address every piece of evidence or testimony presented, [he or she] must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

Richards argues that the ALJ erred in her Listing analysis at step three. [DE 16 at 13.] Specifically, Richards argues that the ALJ erred by failing to articulate why Richards' degenerative disc disease did not meet or equal Listing 1.04(A), and also because the ALJ failed to discuss Listing 11.14(A). [*Id.*] A claimant whose impairment meets or equals one found in the Listing of Impairments is presumptively eligible for benefits. *See* 20 C.F.R. § 404.1520(d). "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer

4

more than a perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (internal quotation marks and citation omitted).

To meet or equal the criteria of Listing 1.04, a spine disorder must result in the compromise of a nerve root or the spinal cord and must be accompanied by the following characteristics:

A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

   or

B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

   or

C.  Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00(B)(2)(b).

*See* 20 C.F.R. § 404(P), App. 1, ¶ 1.04. The ALJ found that Richards' degenerative disc disease and right foot drop did not meet or equal Listing 1.04 because "the record does not include evidence of a compromised nerve root or the spinal cord with either nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis." [A.R. at 31.] This is a conclusion, not an explanation. And the problem is the conclusion is belied by evidence that Richards' spinal disorder and right foot drop involved several of the elements required by Listing 1.04(A).

Richards underwent an MRI in December 2015 that indicated compression of nerve roots at S1 and L5. [A.R. at 332-33.] The ALJ acknowledged this MRI in the decision in noting Richards' weakness and decreased sensation, yet she failed to discuss the MRI in finding that Richards did not meet or medically equal Listing 1.04(A). [A.R. at 33.] Instead, the ALJ inaccurately stated that there was no evidence of nerve root compression in the medical record. [A.R. at 31.] Richards' treating physician also opined that his symptoms and pain were a result of lumbar compressive radiculopathy. [A.R. at 304-05, 420.] Treatment notes show that Richards had limited range of motion in his lumbar spine and lower extremities [A.R. at 304-05, 420]; motor loss indicated by extremity weakness and atrophy [A.R. at 304-05, 308, 318, 333-35, 362, 407-10, 418, 429]; and absent and diminished reflexes in the lower extremities [A.R. at 304-05, 334, 362, 409-10, 420]. All of these findings could support the elements of Listing 1.04(A) and therefore require a more in depth analysis at step three.

6

The ALJ's short conclusion is "the very type of perfunctory analysis . . . repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing." *Minnick*, 775 F.3d at 935-36 (citations omitted) (collecting cases remanding or reversing due to a cursory Listing analysis and/or articulation). The Commissioner offers very little response on this matter, saying nothing more than "the ALJ's discussion at step three of the sequential evaluation was anything but perfunctory, with no less than four Listings discussed and with an explanation as to why Plaintiff did not meet or equal any of them." [DE 21 at 6]. While the ALJ did discuss four Listings, the discussion as to Listing 1.04 was perfunctory and lacking in any explanation of how Richards' degenerative disc disease and right foot drop did not meet or medically equal Listing 1.04(A).

Under these circumstances, I cannot say that substantial evidence supported the ALJ's determination, or that the step three analysis with regards to Listing 1.04(A) was sufficient. Accordingly, the matter must be remanded. It is possible that the ALJ may again conclude that Richards' degenerative disc disease and right foot drop does not meet or equal Listing 1.04(A), but, if so, it must be after further analysis and development of the record. The record supports a need to fully analyze whether Richards met or equaled Listing 1.04(A), and therefore a failure in this area requires remand.

Richards also argues that the ALJ erred in failing to discuss or evaluate whether

Richards met or equaled Listing 11.14(A). Listing 11.14(A) sets out criteria for a presumptive finding of disability based on peripheral neuropathy. On the facts of this case, meeting the Listing would require a finding that Richards had disorganization of motor function resulting in "extreme limitation" in the ability to use both legs. Listing 11.00(D)(2)(c) defines "extreme limitation" as an "inability to stand up from a seated position, maintain balance in a standing position and while walking."

Similar to the error with Listing 1.04(A), the medical record at the very least suggests disorganization of motor function resulting in an extreme limitation in the ability to use both legs. Richards' EMG results show abnormal neuropathic findings bilaterally. [A.R. at 332.] His doctors observed atrophy and muscle wasting in both legs on multiple occasions. [A.R. at 308, 333, 335, 407-10, 428, 430.] Richards also presented with decreased strength bilaterally and absent or diminished bilateral lower extremity reflexes. [A.R. at 334, 362, 407-10, 420, 429.] The ALJ noted that Richards required an assistive device for ambulation and had marked difficulties with his gait. [A.R. at 34.] Richards reported falling and lower extremity weakness. [A.R. at 302, 307, 319.] Consultative examiners reported that his gait was antalgic with poor stability, along with an inability to bear weight on his right leg without support. [A.R. 407-10, 418, 429.] This evidence possibly supports a finding that Listing 11.14(A) is met. Of course, that will be for the ALJ to decide on remand. It is enough to say at this point that the ALJ is in error for failing to discuss Listing 11.14(A) at step three. Indeed, the Commissioner

8

tacitly agreed when he acknowledged in his brief that the ALJ failed to discuss Listing 11.14(A) and then said "[s]hould the Court find merit with Plaintiff's argument," the decision should be remanded to allow the ALJ to address Listing 11.14(A). [DE 21 at 6.]

For these reasons, a remand is necessary to permit the agency to further assess the evidence and develop the record regarding whether Richards' degenerative disc disease and right foot drop meet or equal Listings 1.04(A) and 11.14(A). Because these grounds mandate remand, I will not address Richards' remaining arguments, but the ALJ should consider and address them as appropriate.

Richards asks me to find that he is disabled because he meets the standards of Listing 1.04(A). However, an outright reversal of the ALJ's decision is not appropriate, because there is evidence in the record that could support a finding of non-disability. The ALJ's decision is totally lacking in analysis of Listing 1.04(A), but perhaps a full analysis would result in the same findings. An award of benefits "is appropriate only if all factual issues have been resolved," *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005), and where "the record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). That is not true here. Therefore, the case is remanded for further analysis and to resolve the factual issues.

## Conclusion

For the foregoing reasons, the decision of the ALJ denying Bret Richards' application for Social Security disability benefits is REVERSED and REMANDED for

further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: May 6, 2020.

    /s/    Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT